IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**SYLVESTER O. BARBEE,**                                                                  **PLAINTIFF**
**ADC #131311**

V.                          CASE NO. 5:18-CV-280-DPM-BD

**KEITH L. WADDLE, et al.**                                                               **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge D.P. Marshall Jr. Mr. Barbee may file written objections if he disagrees with any part of the Recommendation. Objections should be specific and should include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record. By not objecting, Mr. Barbee may waive the right to appeal questions of fact.

**II.    Discussion**

A.  Background

Sylvester O. Barbee, an Arkansas Department of Correction inmate, filed this civil lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) Mr. Barbee claims that the Defendants violated his due process rights when they wrongfully convicted him of two disciplinary charges.

As a result of the first disciplinary conviction, Mr. Barbee lost commissary, phone, and visitation privileges for sixty days; he was assigned to punitive isolation for thirty days; and his classification level was reduced. (#2 at p.9) As a result of the second disciplinary conviction, his commissary, phone, and visitation privileges were revoked for sixty days; he was assigned to punitive isolation for thirty days; his classification level was reduced; and he lost twenty-five days of good-time credits. (#2 a p.19)

On appeal, Defendant Kelley upheld Mr. Barbee's first disciplinary conviction. (#2 at p.17) She reversed the second disciplinary conviction. (#2 at p.22)

In his complaint, Mr. Barbee sought damages to compensate for the loss of his good-time credits. The Court directed Mr. Barbee to clarify whether his good-time credits had been restored. (#3) In response to the Court's order, Mr. Barbee filed an amended complaint stating that Defendant Kelley had restored his good-time credits when she reversed the second disciplinary conviction at issue. (#6)

B.  Screening

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints that seek relief against a governmental entity, officer, or employee. 28 U.S.C. §1915A(a). Before ordering service of process, the Court is obligated to dismiss claims that are legally frivolous or malicious; that fail to state a claim upon which relief may be granted; or that seek monetary relief from a defendant who is immune from paying damages. 28 U.S.C. §1915A(b).

In his complaint, Mr. Barbee claims a violation of his right to due process. But the protection afforded by the due process clause is triggered only where the prisoner has a

liberty interest at stake. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). Under settled law, a prisoner's liberty interests are limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or from actions that "inevitably affect the duration of [a prisoner's] sentence." *Sandin*, 515 U.S. at 487.

Here, taking all of the allegations in the complaint and amended complaint as true, the penalties imposed on Mr. Barbee were not severe enough to constitute a violation of his liberty interests. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) and *Portley–El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002) (inmates have no liberty interest in maintaining a particular classification level; and thirty days in punitive segregation is not an atypical and significant hardship); and *Kennedy v. Blankenship*, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (placement in punitive isolation was not atypical and significant hardship despite restrictions in mail, telephone, visitation, commissary, and property privileges).

Furthermore, Mr. Barbee's good-time credits, while initially forfeited, were restored after his second disciplinary conviction was reversed. As a result, Mr. Barbee "has no claim as to the loss of good-time credits." *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996) (explaining that, after an inmate's disciplinary conviction was reversed and his good-time credits restored, the inmate's due process claim involved only his placement in administrative segregation).

3

## III.  Conclusion

The Court recommends that Mr. Barbee's claims be DISMISSED, with prejudice, because his allegations, even if true, fail to state a due process claim.

DATED this 19th day of December, 2018.

_____
UNITED STATES MAGISTRATE JUDGE